LIVELY *et al. v.* McCRAVY, administratrix, *et al.*

The petition failed to show any equitable right of the plaintiffs, authorizing the decree sought; and the court did not err in dismissing the same upon general demurrer.

JULY 25, 1914.

Complaint for land. Before Judge Bell. Fulton superior court. May 2, 1913.

The plaintiffs filed an equitable petition seeking a decree declaring them to be the owners of a half interest in certain property in the City of Atlanta, the legal title to which was in the defendants, but which title, it is alleged, the defendants took with knowledge of the equitable rights of the plaintiffs to a half interest. It is alleged that in 1863 James B. Wilson, being the owner of certain property in Augusta, Georgia, by deed conveyed the same to William V. Keener and his successors, "together with all and singular the rights, members, and appurtenances whatsoever thereunto belonging or in anywise appertaining, and the remainders, reversions, rents, issues, and profits thereof and every party." The habendum clause in this deed was as follows: "To have and to hold the said lot or parcel of land and all and singular the premises and appurtenances thereunto belonging as aforesaid, and every part thereof, unto him, the said Wm. V. Keener, and his successors forever. In trust always for the sole and separate use, benefit, and behoof of the said Maria L. Wilson, wife of the said James B. Wilson, wholly free from and not subject to the debts, contracts, or liabilities of the said James B. Wilson, existing or hereafter contracted, for and during the term of her natural life, and on her death to the chil-

dren of the marriage of the said James B. and Maria L., share and share alike, the child or children of a deceased child to stand in the place of the parent; and should it be deemed advisable at any time hereafter to sell and convey the aforedescribed property, the said trustee or any of his successors shall have power to sell and convey the same by consent of the said Maria L. Wilson, without application to any court for leave, the said Maria L. Wilson to manifest such consent by joining in the conveyance, and the sum raised from such sale to be immediately invested in other property to be held in the same manner and subject to the like use and trusts as that herein conveyed; and the said Maria L. Wilson shall have power, upon the death, resignation, or removal from the State of the said Wm. V. Keener, or any successors, to appoint, by writing under her hand and seal, other fit and proper persons as successors to the said Wm. V. Keener, trustee, or any successors, which person so appointed by her as trustee as aforesaid shall be clothed with all the powers and subject to all the responsibilities herein conferred upon and assumed by the said Wm. V. Keener." Subsequently William V. Keener, the trustee named in the deed, resigned the trust and James B. Wilson, the grantor in the deed referred to above, was himself appointed trustee. James B. Wilson, it is alleged, after becoming trustee, did legally sell said trust property and "did dissipate the proceeds thereof;" afterward the "said James B. Wilson did convey to the cestui qui trust of the life-estate of Mrs. Maria L. Wilson other property in lieu of said dissipated trust estate. A copy of said deed substituting other property in lieu of the trust estate is hereto attached, marked exhibit B." It is alleged, that the effect of this last deed referred to from James B. Wilson to Maria L. Wilson was to put a life-estate in Mrs. Maria L. Wilson, and that all limitations and uses of the trust attached to the property described in this last deed from James B. to Maria L. Wilson; and that the property referred to in this last deed was substituted in lieu of the trust estate alleged to have been dissipated. The property in controversy is a part of the property conveyed by the deed from James B. Wilson to Maria L. Wilson, and passed from Maria L. Wilson by successive conveyances to the defendants. It is alleged that the defendants and those through whom title passed to them took with notice of the rights and equities of the plaintiffs. The plaintiffs are children and descendants of children of

James B. and Maria L. Wilson, remaindermen under the first deed hereinabove referred to. The court sustained a general demurrer to the petition and dismissed the same; to which ruling the plaintiffs excepted.

*F. A. Hooper, H. H. Turner,* and *Candler, Thomson & Hirsch,* for plaintiffs.

*E. M. & G. F. Mitchell,* for defendants.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court correctly held that the petition should be dismissed upon general demurrer. While James B. Wilson, after having sold the trust estate which was created for his wife for her life, with his children as remaindermen, dissipated the proceeds thereof, it does not appear that when he deeded other property to his wife it was done as a substitution in lieu of the trust estate; nor were the proceeds of the trust estate which James B. Wilson sold and dissipated traced into the property which James B. Wilson conveyed to his wife, Maria L. Wilson. In the deed from James B. Wilson to his wife, Maria L. Wilson, after reciting that as trustee he had sold a certain house and lot in the City of Augusta for the sum of $900 or about that sum, which he had received for the property and which came into his hands as trustee, and that through unfortunate investments alleged to have been made in good faith, but without the consent of his wife, the trust funds were wholly lost and dissipated, he then recites that "justice and equity require that I should reimburse my said wife for the amount so lost by me, and being willing so to do," etc. And then the deed further recites, "Now, therefore, this indenture made this 21st day of February, in the year of our Lord 1879, between James B. Wilson of the County of Fulton and State of Georgia, of the one part, and his wife, Maria L. Wilson of the same place, of the other part, witnesseth: That said James B. Wilson, for and in consideration of the premises aforesaid, to wit, the sum of nine hundred dollars to him in hand paid, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, and conveyed and doth by these presents grant, sell, bargain, and convey unto his said wife, Maria L. Wilson, all that tract of land," etc. Here follows a description of the land, part of which is now in controversy. Then follows the habendum

clause: "To have and to hold the said premises with all and singular the rights, members, and appurtenances to the same in any manner being or belonging, to the only proper use, benefit, and behoof of her, the said Maria L. Wilson, her heirs, executors, administrators, and assigns, in fee simple. And the said James B. Wilson, his heirs, executors, and administrators, the said premises unto the said Maria L. Wilson, her heirs, executors, administrators, and assigns, against the said James B. Wilson, his heirs, executors, and administrators, and all and every other person or persons, shall and will warrant and defend forever by virtue of these presents." While there might be a strong inference that James B. Wilson intended this land as a substitution for the land included in the trust estate which had been dissipated, and that it should be impressed with the trust and uses created in the deed first referred to in the statement of facts, from the recital that it is in consideration of the said sum of $900, the same amount which he had received for the trust estate, this inference can not overcome the necessary construction of the deed from Wilson to his wife. Under the recitals in that deed this is an intent to convey to the wife property "to reimburse my said wife for the amount so lost by me;" and after this recital showing the purpose for which this deed was made, in the habendum clause it is recited that she is to have and hold this property to the only proper use, benefit, and behoof of her, the said Maria L. Wilson, her heirs, executors, administrators, and assigns, in fee simple. This was a conveyance in fee simple by a deed warranting title; and a court can not by construction pass upon inferences and convert it into a deed conveying a mere life-estate to Maria L. Wilson and the remainder to her children. Whether the deed could have been so reformed as to speak the alleged intention of the grantor need not be inquired into, as no attempt is made to reform it, and proper parties for that purpose are not before the court. The allegation in the petition that the deed from James B. Wilson to his wife, Maria L. Wilson, substituted the property conveyed in that deed for the trust property dissipated was a mere conclusion based upon the construction of a deed which does not have the import sought to be ascribed to it. The ruling of the court below sustaining a general demurrer to the petition was right, and must be affirmed.

*Judgment affirmed. All the Justices concur.*